IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDDIE RAY GRAY, | ) | |
| Petitioner, | ) | Civil Action No. 18-112 Erie |
| | ) | |
| v. | ) | |
| | ) | Judge Susan Paradise Baxter |
| ATTORNEY GENERAL OF | ) | |
| PENNSYLVANIA, et al., | ) | |
| Respondents. | ) | |

**MEMORANDUM**[1]

Pending before the Court is the amended petition for a writ of habeas corpus filed by state Prisoner Eddie Ray Gray ("Petitioner") pursuant to 28 U.S.C. § 2254. (ECF No. 18). He is challenging the judgment of sentence imposed upon him in 2013 by the Court of Common Pleas of Warren County at CP-62-CR-80-2013. Respondents have filed a motion to dismiss (ECF No. 21) the amended the petition. For the reasons that follow, the Court will grant Respondents' motion, dismiss with prejudice each of Petitioner's claims, and deny a certificate of appealability.

**I.     Relevant Background**

On September 2, 2012, Petitioner, who was at the time was an inmate of the Warren County Jail, disarmed and assaulted a corrections officer with the officer's own taser gun. Following a jury trial in the Court of Common Pleas of Warren County, Petitioner was convicted of three counts of aggravated assault, one count of assault by a prisoner, one count of disarming a law enforcement officer, one count of use or possession of electric or electronic incapacitation device, and one count of criminal attempt-escape. On August 16, 2013, the court sentenced him to a term of 182 to 364 months of imprisonment.

---

[1] On September 14, 2018, the undersigned was sworn in as a United States District Judge. This action was reassigned to this Court's docket on September 21, 2018.

1

Bernard T. Hessley, Esq., represented Petitioner at trial and in his subsequent direct appeal with the Superior Court of Pennsylvania. On November 18, 2014, the Superior Court issued an opinion in which it affirmed Petitioner's judgment of sentence. (ECF No. 21-2 at 3). He did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. Therefore, his judgment of sentence became final on December 19, 2014, when the time for him to do so expired. Pa.R.A.P. 1113(a); Gonzalez v. Thaler, 565 U.S. 134, 149-54 (2012) (a judgment becomes final under 28 U.S.C. § 2244(d)(1)(A) at the conclusion of direct review or the expiration of time for seeking such review).

The following year, on November 14, 2015, Petitioner filed a *pro se* petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. § 9541 *et seq.*[2] (ECF No. 21-3 at 1-9). The PCRA court appointed Joan M. Fairchild, Esq., to represent him and it held a hearing on Petitioner's claims in January 2017. The PCRA court subsequently denied Petitioner relief and he, through Attorney Fairchild, filed an appeal with the Superior Court. In the appeal, Petitioner challenged a jury instruction on the charge of criminal attempt to commit escape. Commonwealth v. Gray, No. 213 WDA 2017, 2017 WL 3574024, *1, 6 (Pa. Super. Ct. Aug, 18, 2017). He also claimed that Attorney Hessley was ineffective for: (1) failing to have him evaluated to determine whether his mental health issues supported an insanity defense; (2) failing to argue on direct appeal that the trial court erred when it refused to allow him to withdraw from representation of Petitioner; (3) failing to challenge on direct appeal the trial court's denial of a motion to recuse; and, (4) failing to challenge on direct appeal the trial court's denial of his motion for change of venue or change of venire. Id. at *1-5.

---

[2] The PCRA petition was docketed in the Court of Common Pleas on November 17, 2015, but this Court will use November 14, 2015, as the operative date in order to give Petitioner the benefit of the prisoner mailbox rule.

On August 18, 2017, the Superior Court issued an opinion in which it denied Petitioner's claims on the merits. Id. at *1-6. On February 22, 2018, the Pennsylvania Supreme Court denied a petition for allowance of appeal. (ECF No. 21-4 at 3).

Petitioner commenced this habeas case, at the very earliest, on April 10, 2018, which is the date he certified he placed his original petition for a writ of habeas corpus in the prison mailing system. (ECF No. 1 at 15). In his amended petition, which he filed on or around November 13, 2018, he claims that his federal constitutional rights were violated when the trial court denied him his right to self-representation (ECF No. 18 at 2); that Attorney Hessley was "ineffective for failing to show jury that victim went to hospital and never mentioned that she was ta[s]ed by Petitioner" (id. at 3); and, the "Attorney General permitted [a] key witness to commit perjury in regards to taser report generated from device allegedly possessed by Petitioner and used on Audrey Cline and permitted the false testimony to go uncorrected." (Id. at 3). Petitioner also claims that Attorney Fairchild, his PCRA counsel, provided him with ineffective assistance. (Id. at 2-3).

In their motion to dismiss (ECF No. 21), Respondents contend that Petitioner's claims must be denied because they are untimely under AEDPA's one-year statute of limitations, which is set forth at 28 U.S.C. § 2244(d)(1). Petitioner filed a reply (ECF No. 24), in which he contends that Respondents erred in calculating the date upon which is judgment of sentence became final.

## II. Discussion

This Court has jurisdiction under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). It permits a federal court to entertain an application for habeas corpus relief from a state prisoner, in relevant part, "only on the ground that he or she is in custody in violation of the Constitution…of the United States." 28 U.S.C. § 2254(a).

3

Before the Court turns to Respondents' argument that Petitioner's claims are untimely, it will address Petitioner's contention that Attorney Fairchild, his PCRA counsel, was ineffective. That claim is not cognizable. Petitioner did not have a federal constitutional right to counsel during his PCRA proceeding, Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), and, for that reason, he cannot receive habeas relief on a claim that his PCRA counsel was ineffective, a fact codified by statute at 28 U.S.C. § 2254(i), which expressly provides: "[t]he ineffectiveness of counsel during Federal or State collateral post-conviction proceedings shall not be ground for relief in a proceeding arising under section 2254." See also Coleman v. Thompson, 501 U.S. 722, 752-53 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings.... Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.")

As for Petitioner's remaining claims, Respondents are correct that they must be dismissed because Petitioner filed them outside of AEDPA's statute of limitations. AEDPA requires, with a few exceptions not applicable here, that habeas corpus claims be filed within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A). It also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

As set forth above, Petitioner's judgment of sentence became final on December 19, 2014, when the 30-day deadline expired for him to file a petition for allowance of appeal with the Pennsylvania Supreme Court after the Superior Court issued its November 18, 2014, direct-appeal decision. Therefore, AEDPA's limitation period began to run on that date. In accordance with § 2244(d)(2), his PCRA petition statutorily tolled AEDPA's statute of limitations the date he filed it, on November 14, 2015. By that date, 330 days (from December 19, 2014, to November, 13, 2015) had

4

expired from the limitations period. The Petitioner's PCRA proceeding concluded on February 22, 2018, the date the Supreme Court of Pennsylvania denied his petition for allowance of appeal. Lawrence v. Florida, 549 U.S. 327, 331-36 (2007) (a petitioner is not entitled to statutory tolling for the period available to file a petition for writ of certiorari to the United States Supreme Court following state collateral review). AEDPA's limitations period began to run again the next day, on February 23, 2018. Since 330 days had already expired from the limitations period, Petitioner had 35 more days–until on or around March 30, 2018–to file his federal habeas claims. He did not initiate this action until, at the very earliest, April 10, 2018. Therefore, all of his claims were filed outside the statute of limitations.

In his reply (ECF No. 24), Petitioner argues that his claims are not untimely because his judgment of sentence became final on February 18, 2015. He reaches that date by adding 90 days (the amount of time that an appellant has to file a petition for a writ of certiorari with the United States Supreme Court) to the date the Superior Court issued its November 18, 2014, direct-appeal decision. Petitioner's calculation is not correct. In Gonzalez, the United States Supreme Court held:

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong–the "conclusion of direct review" and the "expiration of the time for seeking such review"–relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"–when this Court affirms a conviction on the merits or denies a petition for certiorari. *For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"–when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because [petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.*

565 U.S. at 653-54 (emphasis added). Therefore, because Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court from the Superior Court's November 18, 2014, direct-appeal decision, his judgment of sentence became final on December 19, 2014, when the time for him to do so expired.

5

Based upon all of the forgoing, the Court will grant Respondents' motion to dismiss (ECF No. 21) and dismiss each of Petitioner's claims with prejudice. Also pending before the Court is Petitioner's motion to stay this case until he receives a copy of his trial transcript. (ECF No. 22). That motion is denied because his trial transcript is not required for this Court to adjudicate whether his claims are untimely under AEDPA's one-year statute of limitations. See Rule 5(c) of the Rules Governing Section 2254 Cases In The United States District Court (respondents must attach to their answer only those portions of the transcript they deem relevant, and the district court has the discretion to order respondents to produce transcripts).

### III. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether each

of Petitioner's claims should be dismissed for the reasons set forth herein. Accordingly, the Court will not issue a certificate of appealability on any of Petitioner's grounds for relief.

      An appropriate Order follows.

                                            /s/ Susan Paradise Baxter
                                            SUSAN PARADISE BAXTER
Dated: April 9, 2019                  United States District Judge